## CIRCUIT COURT OF THE CITY OF RICHMOND

Alma V. Bradley

v.

Hotel Jefferson Corp.

April 9, 1981

Case No. LD-1402

By JUDGE WILLARD I. WALKER

This case is before the court upon the defendant's jurisdictional plea based on the assertion that the plaintiff's exclusive remedy on the facts alleged in the motion for judgment would be workmen's compensation.

The plaintiff is bound by the allegations made in the motion for judgment, since she can rise no higher than her allegations and it must be assumed that those allegations can and will be proven in this case, if the plaintiff is to effect a recovery against the defendant.

The allegations of the plaintiff are that on March 8, 1980, at about one o'clock in the morning she was assaulted and raped by an assailant during the course of her employment as a desk clerk for the defendant on premises owned and controlled by the defendant.

The motion for judgment further alleges that the defendant's hotel is in an area which has a high incidence of crime and that the defendant "had notice or should have known of the reasonably foreseeable probability that such an assault and rape would occur." The motion for judgment further alleges that the defendant was negligent because even with the knowledge the defendant had of the probability of the rape occurring, it failed to exercise reasonable care to provide the plaintiff with a safe place to work and reasonably safe methods for

the plaintiff to perform the service and work required of her.

The plaintiff has previously pursued a claim in the Industrial Commission and has been denied compensation by the hearing commissioner, as well as by the full Commission on a review. The plaintiff maintains that this denial of compensation opens the door for her third-party action against her employer, Hotel Jefferson Corporation, the defendant herein.

It is not the actual denial of compensation upon the facts presented to the Industrial Commission that determines the viability of the jurisdictional plea in this case; it is the right of the plaintiff to obtain compensation upon the facts she alleges in her motion for judgment, and not whether or not she did obtain compensation upon some other facts presented to the Industrial Commission. The record of the Industrial Commission, as well as the opinions of the hearing commissioner and the full Commission on review indicate quite conclusively that the plaintiff did not present credible evidence to the Industrial Commission in accord with the allegations of her motion for judgment. Indeed, the records the court has with respect to the hearing in the Industrial Commission indicate the plaintiff did not seriously seek to establish a situation in which workmen's compensation would have been allowable. It is not pertinent to the court's decision, and certainly it is not conclusive, that her inability to obtain workmen's compensation on the evidence presented to Industrial Commission gives her the right to avoid a jurisdictional plea in this action, which is based upon an allegation of entirely different facts.

In my opinion, the facts alleged in the motion for judgment as stated above set forth a clearly compensable case for workmen's compensation, in that the allegations show that the injuries to the plaintiff both occurred during the course of the employment and arose out of the employment; and no one disputes that the assault occurred during the course of employment. And, the facts as stated in the motion for judgment do not allege the so-called "positional risk" doctrine, which has been rejected in this state; rather these facts allege an actual risk brought about by the nature of the employment and a hazard to the employee that was well known or should have been well known to the employer. Under the "actual

risk" doctrine, which Virginia does recognize, the facts as alleged by the plaintiff in the motion for judgment would have entitled her to receive workmen's compensation benefits from the defendant. This being so, she cannot on these pleadings maintain a third-party action against the defendant, her exclusive remedy being that of workmen's compensation.

Accordingly, the jurisdictional plea filed by the defendant is valid, and this action as framed in the motion for judgment must be dismissed by the court because of lack of jurisdiction.