## CIRCUIT COURT OF THE CITY OF RICHMOND

Vernell Gregory Braxton

v.

City of Richmond

January 29, 1986

Case No. LG-1518-3

By JUDGE WILLARD I. WALKER

This action was originally filed in this court on September 30, 1983, and among the initial pleadings filed by the defendant City of Richmond in response was a Plea to the jurisdiction of the court based on the exclusive remedy of workmen's compensation. Subsequently, the defendant City of Richmond also filed a demurrer, which also raises the question of whether or not the matter, as alleged in the motion for judgment, is an appropriate case for compensation in the Industrial Commission where the plaintiff's exclusive remedy would exist on the facts as alleged.

With this action pending, the plaintiff filed an action in the Industrial Commission seeking compensation for injuries arising out of, and in the course of employment, as a result of an attack upon her by a coemployee, McMullan. This matter was heard before a single Commissioner, reviewed before the full Commission with a ruling favorable to the plaintiff, Vernell Braxton, that she was entitled to workmen's compensation benefits under the facts alleged. The matter was subsequently appealed to the Supreme Court of Virginia, and in the case of *City of Richmond v. Vernell G. Braxton*, Record No. 841712, opinion by Chief Justice Harry L. Carrico, October 11, 1985, [230 Va. 161] the full commission was reversed; and on the facts of the case, as presented

before the Industrial Commission and reviewed by the Supreme Court of Virginia, it was determined that Vernell G. Braxton was not entitled to workmen's compensation benefits.

The plaintiff in this case argues that the denial of workmen's compensation benefits to her as a result of her action in the Industrial Commission opens the way for her to bring a third-party action against her employer on the basis that she is not precluded because the injuries she received did not arise out of, and in the course of employment; specifically, in this case, that the injuries did not arise out of the employment. The plaintiff's position simply stated is, that having failed to be able to recover against her employer in workmen's compensation, she is free to sue the employer at common law because workmen's compensation would not be her sole and exclusive remedy. I disagree.

The issue is not whether or not the plaintiff was awarded compensation benefits in the action brought before the Industrial Commission, either by the Commission or by the Supreme Court of Virginia on appeal. The question is whether or not on the facts as she has pled them in this lawsuit against her employer, if proved by her in this case, would entitle her to receive workmen's compensation benefits. It is my opinion that quite to the contrary of the evidence taken before the hearing officer and as the matter was reviewed before the full commission, the allegations in the motion for judgment filed by Vernell Braxton in this case clearly would entitle her to recover for her injuries as being those arising out of and in the course of her employment. She is not, in this action, alleging facts that give rise to the "positional risk" doctrine, which has been rejected in this state, but is very much alleging facts which deal with the "actual risk" doctrine, and specific acts of negligence on the part of her employer that expose her to injuries. Under these allegations, and assuming there would be proof available to support them, she is showing there is a causal connection between the conditions under which the work is required to be performed and the resulting injury and not merely that the employment happened to bring the parties into close proximity.

Counsel are referred to the case in this court of *Alma V. Bradley v. Hotel Jefferson Corp.*, Case No. LD1402, decided April 9, 1981, and contained as Opinion No. 23

in Vol. 1981 of the opinions of this court. I believe the reasoning and the conclusions in the *Bradley* case apply with equal force to the case at bar. I enclose a copy of the *Bradley v. Hotel Jefferson Corp.* opinion.

Although I think there is a strong likelihood, based on a reading of the allegations in the motion for judgment, that this motion for judgment may well be demurrable as failing to state a cause of action or be subject to a motion for summary judgment, I am not reaching any conclusion on those issues. Since having determined that this court lacks jurisdiction over the subject matter of this suit, it would be improper to attempt to address any other issues in the case.

In summary, under the facts as alleged in this motion for judgment, it is my opinion that the plaintiff has a compensable claim before the Industrial Commission against her employer and, therefore, is precluded from suing her employer at common law.