## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert J. Dunn, Jr.

v.

Handling Services, Inc.,
and J. B. Mull

March 3, 1988

Case No. LL-1214-1

By JUDGE MELVIN R. HUGHES, JR.

This letter is in regard to defendants' demurrer and special pleas of res judicata, collateral estoppel, and the statute of limitations. After consideration of the parties' briefs, other documents on file, and additional research, the court has decided that it lacks jurisdiction over the subject matter and thus the case is dismissed.

The facts are as follows. Plaintiff Dunn did business with defendants for several years as a truck driver. Defendant Handling Services, a warehousing company, held an intrastate trucking license, and shared the use of its premises with Intermodal Freight Agencies, which held an interstate trucking license. Handling Services administered the payment for Dunn's services for both companies. In accordance with the policy of Intermodal, Handling regularly deducted from Dunn's paychecks $17.62 as a worker's compensation insurance premium. Dunn maintains, and defendants deny, that defendants represented to him that the premiums were for insurance coverage for him personally if he were to be involved in an accident. Dunn alleges he was injured in a work-related accident, and he filed a worker's compensation claim. The Industrial

Commissioner presiding over his case ruled that Dunn was an independent contractor and therefore the Commission had no jurisdiction over the matter. The Commissioner also found that the insurance premiums were used to cover Dunn's worker's compensation liability for any employees he might decide to hire for himself. Dunn has now filed this lawsuit alleging fraud and deceit on the part of defendants in that they knowingly misrepresented to him that he was being insured for workers' compensation.

The question the Court initially considers is whether the Industrial Commission had jurisdiction to hear Dunn's claim of fraud. The Commission has jurisdiction to determine "all questions arising under" the Workers' Compensation Act. Va. Code § 65.1-92. The Industrial Commission's opinion for *Roberts v. C. F. Hardy Bldg. Corp.*, 60 O.I.C. 371 (1980), indicates that it did have jurisdiction. In *Roberts*, the claimant argued in the alternative that he was an employee under the Act, and that the employer was estopped from denying him benefits because it was misrepresented to him that withholdings from his paycheck were for workers' compensation insurance covering him personally. The Commission ruled Roberts an independent contractor and, applying the test for estoppel in *American Mutual Liability Ins. Co. v. Hamilton*, 145 Va. 391 (1926), held that it was not proven that the employer misrepresented material facts with knowledge of the true facts and therefore estoppel did not apply. Plaintiff's fraud claim in this case is practically indistinguishable from the estoppel claim in *Roberts*; in both claims, the essential elements are a knowing misrepresentation of a material fact which induces reliance to the claimant's detriment. Thus, the Court considers the Industrial Commission to have jurisdiction to hear such claims of fraud.

The Richmond Circuit Court has previously heard cases which were not direct appeals of Industrial Commission decisions but involved alleged facts which, if proven, would have allowed the plaintiff to recover in an earlier Commission proceeding. *See, Bradley v. Hotel Jefferson Corp.*, 4 Va. Cir. 41 (1981); *Braxton v. City of Richmond*, 4 Va. Cir. 369 (1986). *Braxton* involved a worker's compensation award by the Commission which was ultimately reversed

by the Supreme Court. Since the worker's compensation claim was denied, the claimant sued her employer in tort. Judge Walker ruled that a plaintiff who has a compensable claim before the Industrial Commission against a defendant is precluded from suing the defendant at common law:

> The question is whether or not on the facts as she has pled them in this lawsuit against her employer, if proved by her in this case, would entitle her to receive workmen's compensation benefits. It is my opinion that quite to the contrary of the evidence taken before the hearing officer and as the matter was reviewed before the full commission, the allegations in the motion for judgment filed by Vernell Braxton in this case clearly would entitle her to recover for her injuries as being those arising out of and in the course of her employment.

*Braxton* at 370.

Since the Industrial Commission could have awarded the relief plaintiff seeks had he presented his claim of fraud or estoppel in the earlier proceeding (and plaintiff provides no reason why he could not have done so), this Court is without jurisdiction to hear plaintiff's claim.

Accordingly, the case is dismissed for lack of jurisdiction.